UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARQUES PHILLIPS and CYNTHIA M.PHILLIPS,

      Plaintiffs,

  v.

CITY OF FAIRFIELD, CHIEF OF POLICE WILLIAM GRESHAM and Does 1 through 10, MARK SCHRAER, CHAD TIGERT and STEVE TROJANOWSKI, JR., and Does 11 through 20,

      Defendants.

NO. CIV. S-04-0377 FCD PAN

ORDER

----oo0oo----

    This matter is before the court on motion by William C. Collier ("Collier"), to withdraw as counsel for plaintiffs, Marques Phillips and Cynthia Phillips (collectively "plaintiffs") pursuant to Eastern District Local Rule 83-182(d).  Plaintiffs have filed letters with the court indicating that they oppose withdrawal of Mr. Collier as their counsel.  Defendants do not

1

1  oppose Mr. Collier's withdrawal, though they oppose any
2  continuance to permit plaintiffs to obtain new counsel.[1]  The
3  court held a hearing on the motion to withdraw on April 15, 2005.
4  Present were Mr. Collier, plaintiff Cynthia Phillips, and counsel
5  for defendants.  The court subsequently cleared the courtroom and
6  held an *in camera* hearing at which were present Mr. Collier and
7  Ms. Phillips and court personnel.

8      Eastern District Local Rule 83-182(d) provides that
9  "[withdrawal as attorney is governed by the Rules of Professional
10 Conduct of the State Bar of California, and the attorney shall
11 conform to the requirements of those Rules."  E.D. Cal. Local
12 Rule 83-182(d).  California Rule of Professional Conduct 3-700
13 provides in relevant part:

>           (C) Permissive Withdrawal.
>           If rule 3-700(B) is not applicable, a member may not
>           request permission to withdraw in matters pending
>           before a tribunal, and may not withdraw in other
>           matters, unless such request or such withdrawal is
>           because:
>           (1) The client
>               (a) insists upon presenting a claim or defense
>               that is not warranted under existing law and
>               cannot be supported by good faith argument for an
>               extension, modification, or reversal of existing
>               law, or
>               (b) seeks to pursue an illegal course of conduct,
>               or
>               (c) insists that the member pursue a course of
>               conduct that is illegal or that is prohibited
>               under these rules or the State Bar Act, or
>               (d) by other conduct renders it unreasonably
>               difficult for the member to carry out the
>               employment effectively, or
>               (e) insists, in a matter not pending before a
>               tribunal, that the member engage in conduct that
>               is contrary to the judgment and advice of the
>               member but not prohibited under these rules or the
>               State Bar Act, or

---

[1] Defendants have filed a motion for summary judgment which is currently set for hearing on May 13, 2005.

```
                    (f) breaches an agreement or obligation to the
                        member as to expenses or fees.
              (2) The continued employment is likely to result in a
                  violation of these rules or of the State Bar Act; or

              . . .

              (5) The client knowingly and freely assents to
                  termination of the employment . . ..
```

California Rule of Professional Conduct 3-700. The court finds that Mr. Collier should be permitted to withdraw as counsel for plaintiffs. His continued representation under the circumstances would be unreasonably difficult and does not appear to be in the best interest of plaintiffs.

Mr. Collier is directed to turn over plaintiffs' file promptly and in an orderly fashion. See Cal. Rule of Prof. Conduct 3-700(d).

In order to provide plaintiffs an opportunity to obtain substitute counsel, the court vacates all current dates, which were set by minute order on March 29, 2005. The court will hold a status conference on May 27, 2005 at 10:00 A.M. The hearing on defendants' motion for summary judgment is set for July 8, 2005 at 10:00 A.M. The Final Pretrial Conference is set for September 30, 2005 at 3:30 P.M. and Trial is set on November 29, 2005 at 9:00 A.M.[2]

IT IS SO ORDERED.

DATED: April 15, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] Should plaintiffs seek additional continuance, they or their counsel may move to amend the dates set herein pursuant to Fed. R. Civ. P. 16(b).

3