Mister Phillips, Esq.
Bar No. 228991
Law Office of Mister Phillips
P.O. Box 1162
Pinole, CA 94564
Telephone: 510-222-4198
Fax: 510-222-4198

Attorney for Plaintiffs, Marques Phillips and Cynthia M. Phillips

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES PHILLIPS and CYNTHIA M. PHILLIPS,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF FAIRFIELD, CHIEF OF POLICE WILLIAM GRESHAM, OFFICER MARK SCHRAER, OFFICER CHAD TIGERT, OFFICER STEVE TROJANOWSKI, JR., OFFICER MIKE BEATTY, OFFICER MATTHEW THOMAS, OFFICER STEPHEN RUIZ, OFFICER TROY OVIATT, OFFICER JEREMY NIPPER, OFFICER FRANCO CESAR, OFFICER CADE BECKWITH, and DOES 1 through 13,<br><br>　　　　Defendants. | CASE NO. CIV.S-04-0377 FCD PAN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

I.　**FACTS**

Last year, Plaintiff Marques Phillips served Defendants William Gresham, Mark Schraer, Chad Tigert, and Steve Trojanowski, Jr., with Plaintiff's First Set of Interrogatories to Defendant Police Chief William Gresham, Plaintiff's First Set of

Interrogatories to Defendant Mark Schraer, Plaintiff's First Set of Interrogatories to Defendant Chad Tigert, Plaintiff's First Set of Interrogatories to Defendant Steve Trojanowski, Jr., and Plaintiff's First Set of Request for Admissions to Defendant Steve Trojanowski, Jr.. Mr. Gresham, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski responded to the discovery requests. However, their responses consisted primarily of objections, incomplete answers, and denials.

On August 9, 2005, I met and conferred with the Defendants' attorney, Kimberly Colwell, Esq., in an effort to obtain full and complete responses. Ms. Colwell said that she would provide me with some additional responses. On August 31, 2005, I notified Ms. Colwell that I was not in receipt of the additional responses. I also notified Ms. Colwell that I was preparing this motion.

On September 7, 2005, I received the additional responses. Unfortunately, many of the additional responses were also incomplete. I would like to continue to meet and confer with Ms. Colwell about the responses. However, continuing to meet and confer with Ms. Colwell is not a viable option at this point, because discovery is almost closed; Ms. Colwell took almost 30 days to provide me with the last set of additional responses; and many of those additional responses were incomplete.

II.     **DISCUSSION**

A.      <u>Mr. Phillips and Mrs. Phillips' Motion to Compel Complies With Rule 37.</u>

Under Federal Rule of Civil Procedure 37(a), "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling … discovery …"

Here, I notified Ms. Colwell that I was preparing this motion on August 31, 2005. I did not file this motion until seven days later. Therefore, Mr. Phillips and Mrs. Phillips' motion complies with Rule 37(a).

B.  <u>The Court Should Compel Mr. Gresham to Respond Fully and Completely to the Following Interrogatories.</u>

Under Rule 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party …"

1.  <u>Interrogatory 6</u>

This interrogatory asks:

> Were you ever a defendant in any suit which charged you or any of your police officers, individually or in your or their official capacity as police officers or the Chief of Police in the Fairfield Police Department or any other law enforcement agency, with abuse of your lawful authority, use of excessive force, misuse of firearms or equipment, racism, prejudice, fabricated probable cause, dishonesty, perjury, false arrest and/or detention or any other civil rights violation …

This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of negligent selection, training, and retention.

However, Mr. Gresham failed to respond, because he voluntarily limited his response to the time period of January 1, 1999, to March 18, 2005. The Court should compel Mr. Gresham to respond fully and completely to this interrogatory.

2.  <u>Interrogatory 7</u>

This interrogatory states, "[i]f you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree and nature of the conduct enjoined." This discovery is not

privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of negligent selection, training, and retention.

However, Mr. Gresham failed to respond, because he voluntarily limited his response to the time period of January 1, 1999, to March 18, 2005.  The Court should compel Mr. Gresham to respond fully and completely to this interrogatory.

3. <u>Interrogatory 8</u>

This interrogatory asks:

> Were there in existence at the time of the 'incident' internal administrative procedures or training designed to prevent and correct instances of abuse of authority, use of excessive force, racism, prejudice, fabricated probable cause, dishonesty, perjury, false arrest and/or detention or any other violation of civil rights for both the police officers and the Chief of Police for the Fairfield Police Department …

This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of negligent training, retention, investigation, and discipline.

However, Mr. Gresham failed to respond, because he failed to state the name of the person who was responsible for implementing said procedures or training as requested.  Mr. Gresham's statement that he is "the ultimate policy maker" does not tell the Plaintiffs' who was responsible for implementing said procedures or training.  Mr. Gresham's statement only tells the Plaintiffs what they already knew: The buck stopped at Mr. Gresham, because he was the chief of police.  The Court should compel Mr. Gresham to respond fully and completely to this interrogatory.

4.     Interrogatory 9

Interrogatory 9 asks, "[a]t the time of the incident what information did you have or have knowledge of with respect to the activities of Marques Phillips that led to the 'incident.'"  This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of unreasonable search and seizure and false arrest and imprisonment.

However, Mr. Gresham chose not to respond, because he "did not participate in the incident."  This interrogatory did not ask Mr. Gresham whether he directly participated in the incident.  This interrogatory asked Mr. Gresham what information he had regarding Mr. Phillips' activities that led to the incident.  The Court should compel Mr. Gresham to respond fully and completely to this interrogatory.

5.     Interrogatory 10

Interrogatory 10, a continuation of Interrogatory 9, asks, "[f]or information that was not obtained directly by you, who provided you the information about Marques Phillips?  What information did that individual(s) rely on, such as documents or oral communications via radio or phone or in some other manner.  Identify the source of information and its location or document name."  This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of unreasonable search and seizure and false arrest and imprisonment.

However, Mr. Gresham chose not to respond again, because he "did not participate in the incident."  This interrogatory did not ask Mr. Gresham whether he directly participated in the incident.  This interrogatory asked Mr. Gresham to state the person(s) who provided him with information about Mr. Phillips and where the person(s)

who provided him with information about Mr. Phillips obtained the information. The Court should compel Mr. Gresham to respond fully and completely to this interrogatory.

6. <u>Interrogatory 11</u>

This interrogatory asks:

> Where did your officers get the information leading them to believe that Marques Phillips was engaged in the illegal possession or sale of marijuana? Name any documents or the identity of any individual that you relied on or communicated with about Marques Phillips and alleged criminal activity. Name any and all individuals who communicated this information to you and any source of information/document relied on.

This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of unreasonable search and seizure and false arrest and imprisonment.

However, Mr. Gresham chose not respond, yet again, because he was "not involved in the incident." This interrogatory, like the interrogatories before it, did not ask Mr. Gresham whether he was directly involved in the incident. This interrogatory asked Chief of Police Gresham where his police officers obtained the information that led them to believe that Marques Phillips was engaged in the illegal possession or sale of marijuana. The Court should compel Mr. Gresham to respond fully and completely to this interrogatory.

7. <u>Interrogatory 17</u>

Interrogatory 16 reads, "[s]tate specifically and in detail the date and exact sequence of events as you know them that took place during any interactions between your police officers and Marques Phillips and Cynthia Phillips on February 1, 2003." Interrogatory 17, a continuation of Interrogatory 16, states:

> For each incident identified in response to interrogatory number 16, state: (a) the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interaction; (b) the date, substance, and person involved in any conversation or oral report about any such incident; (c) the identity of any forms or documents created in preparation for or response to any such interactions; (e) any ordinance, rule, or policy authorizing or tending to authorize or ratify any actions you or your officers took with regard to Marques Phillips …

This discovery is not privileged and is relevant to all of Mr. Phillips and Mrs. Phillips' claim(s).

However, Mr. Gresham failed to respond, because he failed to state all of the police officers and witnesses who were present at Mr. Phillips' arrests on February 1, 2003, as requested. Mr. Gresham referred the Plaintiffs' to the police report. However, the police report does not state all of the police officers and witnesses who were present. For example, the police report does not state that police officer Franco Cesar was present, even though it has been established through discovery that he was.

Mr. Gresham also failed to respond, because he failed to state all of the police officers who were involved in conversations or oral reports about Mr. Phillips' arrest as requested. Mr. Gresham referred the Plaintiffs' to the police report for the information. However, the police report does not state all of the police officers who were involved in conversations or oral reports about Mr. Phillips' arrest. For example, the police report does not state that police officer Franco Cesar gave oral statements about Mr. Phillips' arrest during the internal affairs investigation of Mr. Phillips' arrest, even though it has been established through discovery that he did.

8. <u>Interrogatory 19</u>

This interrogatory states, "[i]dentify all individuals, documents, tapes, memoranda, notes, or other documents or sources of information however recorded that dealt with the investigation of the incident between your police officers and Marques and Cynthia Phillips."  This discovery is not privileged and is relevant to all of Mr. Phillips and Mrs. Phillips' claim(s).

However, Mr. Gresham failed to respond, because he failed to state all of the sources of information about Mr. Phillips' arrest as requested.  Mr. Gresham claimed attorney client privilege and work product privilege as justification for his failure.  However, Mr. Gresham failed to state the general nature of the sources of information and why they are subject to said privileges as required.  The Court should compel Mr. Gresham to respond fully and completely to this interrogatory.

9. <u>Interrogatory 21</u>

This interrogatory asks, "[h]ave you ever been arrested and/or convicted of any crime whatsoever…"  This discovery is not privileged and is relevant to the Plaintiffs' claim(s) of negligent selection, training, and retention.

However, Mr. Gresham failed to respond, because he voluntarily limited his response to the time period of January 1, 1999, to March 18, 2005.  The Court should compel Mr. Gresham to fully and completely respond to this interrogatory.

C.   <u>The Court Should Compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to Respond Fully and Completely to the Following Interrogatories.</u>

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party …"

1.   <u>Interrogatory 6</u>

This interrogatory asks:

> Were you ever a defendant in any suit which charged you, individually or in your official capacity as a police officer for the Fairfield Police Department or any other law enforcement agency, with abuse of your lawful authority, use of excessive force, misuse of firearms or equipment, racism, prejudice, fabricated probable cause, dishonesty, perjury, false arrest and/or detention or any other civil rights violation …

This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of negligent selection, training, and retention.

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to respond, because they voluntarily limited their responses to the time period of January 1, 1999, to March 18, 2005.  The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to this interrogatory.

2.   <u>Interrogatory 7</u>

This interrogatory states, "[i]f you were ever enjoined from engaging in any conduct by a state or federal court decree, identify the court, title and docket number of the case, date of the decree and nature of the conduct enjoined."  This discovery is not

privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of negligent selection, training, and retention.

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to respond, because they voluntarily limited their responses to the time period of January 1, 1999, to March 18, 2005.  The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to this interrogatory.

3. <u>Interrogatory 8</u>

This interrogatory asks:

> Were there in existence at the time of the 'incident' internal administrative procedures or training designed to prevent and correct instances of abuse of authority, use of excessive force, racism, prejudice, fabricated probable cause, dishonesty, perjury, false arrest and/or detention or any other violation of civil rights for police officers of the Fairfield Police Department …

This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of negligent training, retention, investigation, and discipline.

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to respond, because they failed to state the name of the person who was responsible for implementing said procedures or training as requested.  The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to this interrogatory.

4. <u>Interrogatory 10</u>

Interrogatory 9 asks, "[a]t the time of the incident what information did you have or have knowledge of with respect to the activities of Marques Phillips that led to the 'incident.'" Interrogatory 10, a continuation of Interrogatory 9, asks, "[f]or information

that was not obtained directly by you, who provided you the information about Marques Phillips?  What information did that individual(s) rely on, such as documents or oral communications via radio or phone or in some other manner.  Identify the source of information and its location or document name."  This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of unreasonable search and seizure and false arrest and imprisonment.

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to respond, because they failed to state the person(s) who provided them with information about Mr. Phillips as requested.  Mr. Schraer, Mr. Tigert, and Mr. Trojanowski also failed to respond, because they failed to state where the person(s) who provided them with information about Mr. Phillips obtained the information, also as requested.  The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to this interrogatory.

5.     Interrogatory 11

This interrogatory asks:

> Where did you get the information leading you to believe that Marques Phillips was engaged in the illegal possession or sale of marijuana?  Name any documents or the identity of any individual that you relied on or communicated with about Marques Phillips and alleged criminal activity.  Name any and all individuals who communicated this information to you and any source of information/document relied on.

This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of unreasonable search and seizure and false arrest and imprisonment.

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to state where they obtained information that led them to believe that Mr. Phillips was engaged in the illegal possession or sale of marijuana, the person(s) they obtained said information from, and where the person(s) they obtained said information from obtained said information.  The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to this interrogatory.

6.      Interrogatory 17

Interrogatory 16 reads, "[s]tate specifically and in detail the date and exact sequence of events as you know them that took place during any interactions between you, the other police officers, and Marques Phillips on February 1, 2003.  Interrogatory 17, a continuation of Interrogatory 16, states:

> For each incident identified in response to interrogatory number 16, state: (a) the name, badge or identification number, and present address of any other person involved in or known by you to have witnessed the interaction; (b) the date, substance, and person involved in any conversation or oral report about any such incident; (c) the identity of any forms or documents created in preparation for or response to any such interactions; (d) the garments you were wearing at the time of each interaction; (e) the exact amount, types, and times that you ingested alcoholic beverages on the day of any such interactions; (f) any ordinance, rule, or policy authorizing or tending to authorize or ratify any actions you took with regard to Marques Phillips …

This discovery is not privileged and is relevant to all of Mr. Phillips and Mrs. Phillips' claim(s).

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to respond, because they failed to state all of the police officers and witnesses who were present at Mr. Phillips' arrest as requested.  Mr. Schraer, Mr. Tigert, and Mr. Trojanowski referred the

Plaintiffs' to the police report. However, the police report does not state all of the police officers and witnesses who were present. For example, the police report does not state that police officer Franco Cesar was present, even though it has been established through discovery that he was.

Mr. Schraer, Mr. Tigert, and Mr. Trojanowski also failed to respond, because they failed to state all of the police officers who were involved in conversations or oral reports about Mr. Phillips' arrest as requested. Mr. Schraer, Mr. Tigert, and Mr. Trojanowski referred the Plaintiffs' to the police report for the information. However, the police report does not state all of the police officers who were involved in conversations or oral reports about Mr. Phillips' arrest. For example, the police report does not state that police officer Franco Cesar gave oral statements about Mr. Phillips' arrest during the internal affairs investigation of Mr. Phillips' arrest, even though it has been established through discovery that he did.

Mr. Schraer, Mr. Tigert, and Mr. Trojanowski also failed to respond, because they failed to state the garments that they wore during Mr. Phillips' arrest as requested. Mr. Schraer, Mr. Tigert, and Mr. Trojanowski referred the Plaintiffs' to the police report for the information. However, the police report does not state the garments that Mr. Schraer, Mr. Tigert, and Mr. Trojanowski wore. The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to this interrogatory.

7. <u>Interrogatory 19</u>

This interrogatory states, "[i]dentify all individuals, documents, tapes, memoranda, notes, or other documents or sources of information however recorded that

dealt with the investigation of the incident between you and Marques and Cynthia Phillips." This discovery is not privileged and is relevant to all of Mr. Phillips and Mrs. Phillips' claim(s).

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to respond, because they failed to state all of the sources of information about Mr. Phillips' arrest as requested. Mr. Schraer, Mr. Tigert, and Mr. Trojanowski claimed attorney client privilege and attorney work product privilege as justification for their failures. However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to state the general nature of the sources of information and why they are subject to the claimed privileges. The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to this interrogatory.

8.      Interrogatory 21

This interrogatory asks, "[h]ave you ever been arrested and/or convicted of any crime whatsoever…" This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of negligent selection, training, and retention.

However, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski failed to respond, because they voluntarily limited their responses to the time period of January 1, 1999, to March 18, 2005. The Court should compel Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to fully and completely respond to this interrogatory.

D. The Court Should Compel Mr. Trojanowski to Admit or Deny the Following Requests.

1. Request for Admission 6

This request for admission states, "[a]dmit that you knew what Marques Phillips' car looked like because you had it towed on January 31, 2003, and that you knew the car in incident 2 was not Marques Phillips' vehicle, and that you knew Marques Phillips had nothing to do with marijuana possession or this unoccupied vehicle." This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of unreasonable search and seizure and false arrest and imprisonment.

However, Mr. Trojanowski chose not to respond, because this request is a compound request. Mr. Trojanowski could have easily admitted or denied each portion of this request. The Court should compel Mr. Trojanowski to admit or deny each portion of this request.

2. Request for Admission 9

This request states "[a]dmit that you have had many complaints filed against you for assault and battery and excessive use of force by African Americans since you have been employed as a police officer for the City of Fairfield." This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of racial discrimination, negligent selection, training, retention, and discipline.

However, Mr. Trojanowski objected to this request, because it is "vague" and "seeks information protected by the attorney-client privilege" among other things. If by chance the word "many" rendered this request vague, Mr. Trojanowski is welcomed to

delete the word from this request and respond appropriately.  Mr. Trojanowski's other objections are simply meritless. The Court should compel Mr. Trojanowski to admit or deny this request, if necessary, subject to deletion of the word "many."

3.     Request for Admission 10

This request states, "[a]dmit you were involved in the arrest and use of force against Solomon Kenneyetta Farr on October 3, 2003."  This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of racial discrimination against African Americans by Mr. Trojanowski.  The Plaintiffs believe that Mr. Trojanowski arrested Mr. Farr and used excessive force on Mr. Farr, because Mr. Farr is African American.

However, Mr. Trojanowski objected to this request, because it is "compound and not calculated to lead to the discovery of admissible evidence."  Mr. Trojanowski's objections are meritless.  The Court should compel Mr. Trojanowski to admit or deny this request or, if necessary, each portion of this request.

3.     Request for Admission 11

This requests states, "[a]dmit you were involved in the arrest and use of force against Duran Evans on June 11, 2004, and the harassment of Mr. Evans in another incident a day or two before that."  This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of racial discrimination against African Americans by Mr. Trojanowski.  The Plaintiffs believe that Mr. Trojanowski arrested Mr. Evans, used excessive force on Mr. Evans, and harassed Mr. Evans, because Mr. Evans is African American.

However, Mr. Trojanowski objected to this request, because it is "compound and not calculated to lead to the discovery of admissible evidence." Mr. Trojanowski's objections are meritless. The Court should compel Mr. Trojanowski to admit or deny this request or, if necessary, each portion of this request.

4. <u>Request for Admission 12</u>

This request for admission states, "[a]dmit you [were] involved in the arrest and use of force against Michael Gardner on April 8, 2004." This discovery is not privileged and is relevant to Mr. Phillips and Mrs. Phillips' claim(s) of racial discrimination against African Americans by Mr. Trojanowski. The Plaintiffs believe that Mr. Trojanowski arrested Mr. Gardner and used excessive force on Mr. Gardner, because Mr. Gardner is African American.

However, Mr. Trojanowski objected to this request, because it is "compound and not calculated to lead to the discovery of admissible evidence." Mr. Trojanowski's objections are meritless. The Court should compel Mr. Trojanowski to admit or deny this request or, if necessary, each portion of this request.

E. <u>Reasonable Expenses</u>

Under Rule 37(a)(4)(A), "[i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred …"

Here, Mr. Phillips and Mrs. Phillips' have already incurred $899.10 in legal fees. These fees include 6.66 hours I spent meeting and conferring with Ms. Colwell and researching and preparing this motion. Mr. Phillips and Mrs. Phillips expect to incur an additional $675 in legal fees. These additional legal fees include an additional five hours I will spend preparing for and attending arguments on this motion. In all, Mr. Phillips and Mrs. Phillips expect to incur $1,574.10 in legal fees.

Therefore, if the motion is granted or the requested discovery is provided after this motion was filed, the Court should require the Defendants, Ms. Colwell, or both to pay Mr. Phillips and Mrs. Phillips' reasonable expenses in the amount of $1,574.10.

## III.    CONCLUSION

The Court should compel Mr. Gresham, Mr. Schraer, Mr. Tigert, and Mr. Trojanowski to respond fully and completely to the above discovery requests and also require them, Ms. Colwell, or both to pay Mr. Phillips and Mrs. Phillips' reasonable expenses incurred on this motion in the amount of $1,574.10.

Dated: September 8, 2005

                                            Respectfully Submitted,

                                            /s/ Mister Phillips
                                            Mister Phillips
                                            Attorney for Plaintiffs