UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARQUES PHILLIPS and CYNTHIA PHILLIPS,

       Plaintiffs,

  v.

CITY OF FAIRFIELD, CHIEF OF POLICE WILLIAM GRESHAM, OFFICER MARK SCHRAER, OFFICER CHAD TIGERT, OFFICER STEVE TROJANOWSKI, JR., OFFICER MIKE BEATTY, OFFICER MATTHEW THOMAS, OFFICER STEPHEN RUIZ, OFFICER TROY OVIATT, OFFICER JEREMY NIPPER, OFFICER FRANCO CESAR, OFFICER CADE BECKWITH, and DOES 1 through 13,

       Defendants.

NO. CIV. S-04-0377 FCD PAN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Marques Phillips' ("Phillips") motion for reconsideration of the court's December 21, 2005, order granting defendant Chief William

/////

1  Gresham's ("Gresham") summary judgment.  For the reasons set
2  forth below, plaintiff's motion is DENIED.

## BACKGROUND

4       On October 18, 2005, defendants filed a consolidated motion
5  for summary judgment.  In his opposition to defendant Gresham's
6  motion for summary judgment, Phillips contended that Gresham was
7  liable under § 1983 in his individual capacity for both his
8  actions and inaction.  Specifically, plaintiff argued that
9  Gresham failed to train defendant officers, failed to supervise
10 defendant Trojanowski, and failed to discipline defendant
11 Trojanowski for citizen complaints of excessive force.  In
12 support of his claims, plaintiff produced evidence that
13 Trojanowski had six citizen complaints against him for excessive
14 force.  However, the evidence also demonstrated that Trojanowski
15 was investigated and exonerated for each claim and that
16 plaintiff's civilian complaint was investigated and the officers
17 involved were exonerated.  Plaintiff contended that the
18 investigation into their complaint was "less than cursory."

19      Based upon this showing, the court found that plaintiff did
20 not raise a triable issue of individual liability as to defendant
21 Gresham.  The court specifically noted (1) that plaintiff did not
22 present any expert testimony that Gresham created or maintained a
23 policy whereby civilian complaints of excessive force are
24 meaningless; (2) that plaintiff did not present any evidence that
25 the investigations into the prior civilian complaints against
26 Trojanowski or the investigations into their own complaint
27 against the officers was cursory, inadequate, or meaningless; and
28 (3) that plaintiffs did not present evidence that Gresham

2

condoned the use of excessive force.  Thus, on December 21, 2005, the court granted Gresham's motion for summary judgment.  However, defendants' motion for summary judgment was granted in part and denied in part.

On December 30, 2005, plaintiff filed a motion for reconsideration of the court's order granting defendant Gresham's motion for summary judgment.  Plaintiff asserts that there is new evidence that the Fairfield Police Departments Internal Investigation into plaintiff's claim was partial to the officers and incomplete, that Gresham knew or should have known that the Investigation was partial and incomplete, and that, in spite of this information, Gresham absolved the involved officers of all wrongdoing.  Defendants oppose the motion.  Defendants also give notice that they intend to seek Rule 11 sanctions if plaintiff does not withdraw his motion.

**STANDARD**

An order that resolves fewer than all of the claims among all of the parties "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[1]  Fed. R. Civ. P. 54(b); 18B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 4478 (2d Ed. 2005)(while authorized, reconsideration of interlocutory orders disfavored).  Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction

---

[1] Although the court's grant of summary judgment resolved all claims against defendant Gresham, it is not an appealable final order.  Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules, includes any decrees or order from which an appeal lies.").

3

to modify, alter or revoke it." <u>United States v. Martin</u>, 226 F.3d 1042, 1048-49. (9th Cir. 2000)

Absent "highly unusual circumstances," reconsideration of a final judgment is appropriate only where (1) the court is presented with newly-discovered evidence, (2) the court committed "clear error or the initial decision was manifestly unjust," or (3) there is an intervening change in the controlling law.[2] <u>School Dist. No. 1J, Multnomah County, Or. v. AcandS Inc.</u>, 5 F.3d at 1263; <u>Carroll v. Nakatani</u>, 342 F.3d 934, 945 (9th Cir. 2004). A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Kona Enter., Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). The party moving for reconsideration based on allegations of newly-discovered evidence bears the burden of demonstrating that the evidence: "(1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such material and controlling nature that it demands a probable change in the outcome." <u>United States v. Wetlands Water District</u>, 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. 2001) (internal citations omitted).

**ANALYSIS**

Plaintiff argues that the court should reconsider the December 21, 2005 order granting defendant Gresham's motion for summary judgment on the grounds of newly-discovered evidence that

---

[2] While the standards applicable to motions for reconsideration of final judgments or orders under Rules 59(e)(final judgments) and 60(b)(final judgments and orders) technically do not delimit the court's inherent discretion to reconsider interlocutory orders, the court nonetheless finds them to be helpful guides to the exercise its discretion.

4

would preclude such a ruling.  Plaintiff's new evidence is a declaration from his expert witness, Tommie E. Phillips, Sr., that the Fairfield Police Departments Internal Investigation into plaintiff's claim was partial to the officers and incomplete, that Gresham knew or should have known that the Investigation was partial and incomplete, and that, in spite of this information, Gresham absolved the involved officers of all wrongdoing.  (Decl. of Mister Phillips' in Supp. of Pl.'s Mot. for Recons. ("M. Phillips Decl."), filed Dec. 30, 2005).  Plaintiff asserts that this evidence was not presented at the time of defendants' summary judgment motion because it was to be part of a larger study of Fairfield Police Department Internal Affairs Investigations which was not complete at the time of the motion because defendants did not produce the necessary Internal Affairs Investigation files until the week that plaintiff's opposition papers were due.  (Id.)

To the extent that plaintiff has presented an expert declaration in support of his claims against defendant Gresham, this evidence is "new"; plaintiff did not present such a declaration in opposition to defendants' motion for summary judgment.  However, this declaration is based upon facts known to plaintiff at the time of the summary judgment motion, some of which were actually referenced and argued in plaintiff's opposition to the motion.  To this extent, plaintiff's expert declaration is not truly newly-discovered.

Plaintiff's expert bases his conclusions, in part, upon the memoranda from Chief Gresham approving the Report and Recommendations which exonerated the defendant officers.

(Declaration of Expert Witness Tommie E. Phillips in Supp. of Pl.'s Mot. for Recons. ("T. Phillips Decl."), filed Dec. 30, 2005, at 4). These same memoranda were submitted as evidence in plaintiff's opposition to defendants' summary judgment motion. (Exh. D to Pl.'s Stmt. of Undisputed Facts in Opp'n to Def.'s Mot. for Summ. J., filed Nov. 4, 2005). Plaintiff's expert also bases his conclusions on the Fairfield Police Department's Internal Affairs Report. (T. Phillips Decl. at 2). Plaintiff and plaintiff's expert had possession of this document prior to September 8, 2005; plaintiff's expert reviewed and discussed it in his supplemental expert witness statement. (Declaration of Jennifer C. Addams in Supp. of Def.'s Opp'n to Pl.'s Mot. for Recons. ("Addams Decl."), filed Jan 24, 2006, Exhs. C-D. Plaintiff's expert testified about the Internal Affairs Report at his deposition on September 21, 2005.[3] (Id. at Exhs. E-F). Finally, plaintiff's expert relies upon Recommendations by Captain Giugni. (T. Phillips Decl. At 2). While it is unclear when plaintiff had access to this particular document, this evidence is not "truly new" because defendant Gresham followed these same Recommendations in absolving the officers. (T. Phillips Decl. at 4). Plaintiff submitted Gresham's Memoranda accepting the Recommendations to the court with his opposition to the motion for summary judgment.

---

[3] Plaintiff objects to the court's consideration of this evidence because plaintiff was not given an opportunity to cross-examine the witness at the deposition. However, the court is not considering this evidence for its truth. Rather, the deposition testimony demonstrates that plaintiff had access to the expert and the expert's opinions regarding defendant Gresham's potential liability well before the opposition to defendants' summary judgment motion was due.

Plaintiff fails to meet his burden of demonstrating that this evidence could not have been presented in opposition to defendants' motion with the exercise of due diligence. Plaintiff possessed expert statements and deposition testimony from Tommie E. Phillips prior to defendants' filing of the motion for summary judgment. These statements and deposition testimony referenced and discussed the Internal Affairs Reports and the adequacy of the investigation. However, none of these materials was submitted to the court by plaintiff. Plaintiff presented no evidence at all relating to or prepared by any expert. Further, plaintiff proffers no reason why the expert could not have prepared the declaration submitted with the current motion as evidence in opposition to defendants' motion for summary judgment.

Plaintiff states that defendants did not produce the necessary Internal Affairs Investigation files until the week the opposition papers were due. (M. Phillips Decl. at 2). Defendants produce evidence that the police officers' records were available to plaintiff to copy on October 11, 2005. (Declaration of Kimberly E. Colwell in Supp. of Def.'s Opp'n to Pl.'s Mot. for Recons. ("Colwell Decl."), filed Jan 24, 2006, ¶ 4). Defendants also produce evidence that copies were available for the plaintiff to pick up on October 19, 2005. However, due to conflicts between the attorneys regarding copying arrangements, payment, and receipt of the documents, plaintiff's attorney did not actually pick up the documents until November 1, 2005. (Id. ¶¶ 14-19). The evidence presented by defendants demonstrates a lack of diligence by plaintiff in obtaining the

7

1 records.

2  Plaintiff argues that no declaration was submitted because the expert's larger study regarding the adequacy of the Fairfield Police Department's citizen complaint process was not completed. (Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Recons., filed Feb 4, 2006, at 4-5).  However, this argument does not explain why plaintiff did not submit a declaration by his expert regarding the adequacy of the investigation into plaintiff's complaint.  It is unclear how the police records were integral and necessary to the opinions proffered by plaintiff's expert in his declaration. The expert never mentions the police officers' records in his declaration.  Further, the expert declaration does not address a larger study.  (T. Phillips Decl.)  Rather, Tommie E. Phillips' declaration focuses on the inadequacies of Sergeant Grace's investigation into plaintiff's complaint and in preparing the Internal Affairs Report.  These inadequacies were previously discussed by the expert in his September 21, 2005 deposition.

 Plaintiff failed to present expert deposition testimony or declarations as evidence in his opposition to defendant Gresham's motion for summary judgment.  Plaintiff had access to the expert, the documents relied upon by the expert, and conclusions made by the expert that implicated the potential liability of defendant Gresham.  For whatever reason, plaintiff did not present this evidence in opposition to defendants' motion for summary judgment.  Plaintiff cannot now, after failing to raise a triable issue of fact as to defendant Gresham's liability, attempt to reclassify this previously known evidence as "newly-discovered" evidence for the purposes of reconsideration merely by preparing

8

an expert declaration.

**CONCLUSION**

Based on the foregoing analysis, plaintiff's motion for reconsideration of the court's December 21, 2005 order granting summary judgment for all claims against defendant Chief William Gresham is DENIED.

IT IS SO ORDERED.

DATED: February 10, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE