UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MARQUES PHILLIPS and CYNTHIA PHILLIPS,

      Plaintiffs,

  v.

CITY OF FAIRFIELD, CHIEF OF POLICE WILLIAM GRESHAM, OFFICER MARK SCHRAER, OFFICER CHAD TIGERT, OFFICER STEVE TROJANOWSKI, JR., OFFICER MIKE BEATTY, OFFICER MATTHEW THOMAS, OFFICER STEPHEN RUIZ, OFFICER TROY OVIATT, OFFICER JEREMY NIPPER, OFFICER FRANCO CESAR, OFFICER CADE BECKWITH, and DOES 1 through 13,

      Defendants.

NO. CIV. S-04-0377 FCD PAN

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' motion to quash subpoenas served on City Council Members Frank Kardos and John Mraz. Plaintiffs oppose the motion. For the reasons set forth below, defendants' motion is DENIED.

1    Rule 45 of the Federal Rules of Civil Procedure provides
2 that the court by which a subpoena was issued shall quash or
3 modify the subpoena if it "requires disclosure of privileged or
4 other protected matter and no exception or waiver applies" or if
5 the subpoena "subjects a person to undue burden."  Fed. Rule Civ.
6 Proc. 45(c)(3)(A)(iii-iv).  "The burden of showing that a
7 subpoena is unreasonable and oppressive is upon the party to whom
8 it is directed."  <u>Goodman v. United States</u>, 369 F.2d 166, 169
9 (9th Cir. 1966).
10   Defendants assert that plaintiffs' subpoenas should be
11 quashed because the only information the subpoenaed Council
12 Members have regarding the case at bar is information they
13 received in a closed session meeting with counsel for the City of
14 Fairfield.  Therefore, they argue that this information is
15 privileged pursuant to California Government Code § 54956.9.[1]
16 Plaintiff argues that any privilege that applied was waived by
17 the Council Members.  Plaintiff seeks information about the
18 practices of the Fairfield City Police Department which were
19 described in a report authored by the two Counsel Members.
20 /////
21 /////

---

[1]   Section 54956.9 provides:

Nothing in this chapter shall be construed to prevent a legislative body of a local agency, based on advice of its legal counsel, from holding a closed session to confer with, or receive advice from, its legal counsel regarding pending litigation when discussion in open session concerning those matters would prejudice the position of the local agency in the litigation.

Cal. Govt. Code § 54956.9 (West 2006).

2

The court held oral argument on this matter on September 29, 2006. The court asked the parties to submit declarations regarding the applicability of the asserted privilege and any waiver of the privilege. Specifically, the court asked defendant to provide evidence that it complied with the procedural requirements of California Government Code § 54956.9.[2]

The defendants submitted declarations by Council Members Frank Vardos and John Marz. These declarations do not reference compliance with the procedural requirements of § 54956.9. Further, even if this privilege applies to the discussions made at the closed meeting, the declarations reveal that the report sought by plaintiffs was initially discussed in a closed session, but was adopted in open session.

Defendants have not met their burden of demonstrating that the subpoenaed information is privileged. Therefore, defendants' motion to quash plaintiffs' subpoenas is DENIED. Defendants also argue that any information known by the Council Members is irrelevant to this litigation. However, the court cannot make such a determination without review of the report itself.

---

[2] Section 54956.9 provides:

Prior to holding a closed session pursuant to this section, the legislative body of the local agency shall state on the agenda or publicly announce the subdivision of this section that authorizes the closed session. If the session is closed pursuant to subdivision (a), the body shall state the title of or otherwise specifically identify the litigation to be discussed, unless the body states that to do so would jeopardize the agency's ability to effectuate service of process upon one or more unserved parties, or that to do so would jeopardize its ability to conclude existing settlement negotiations to its advantage.

Cal. Govt. Code § 54956.9 (West 2006).

Further, the denial of defendants' motion to quash does not prevent defendants from filing a motion in limine regarding the admissibility of this evidence.

    IT IS SO ORDERED.

DATED: October 6, 2006

                                        /s/ Frank C. Damrell Jr.
                                        FRANK C. DAMRELL, Jr.
                                        UNITED STATES DISTRICT JUDGE

4