Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Jennifer C. Addams, Esq. (SBN: 209355)
jaddams@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants CITY OF FAIRFIELD,
POLICE OFFICERS MARK SCHRAER, CHAD TIGERT,
STEVEN TROJANOWSKI, JR., STEPHEN RUIZ, TROY OVIATT,
FRANCO CESAR and CADE BECKWITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES PHILLIPS and CYNTHIA M. PHILLIPS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF FAIRFIELD, CHIEF OF POLICE WILLIAM GRESHAM, OFFICER MARK SCHRAER, OFFICER CHAD TIGERT, OFFICER STEVE TROJANOWSKI, JR., OFFICER MIKE BEATTY, OFFICER MATTHEW THOMAS, OFFICER STEPHEN RUIZ, OFFICER TROY OVIATT, OFFICER JEREMY NIPPER, OFFICER FRANCO CESAR, OFFICER CADE BECKWITH, and DOES 1 through 13,<br><br>Defendants. | Case No:  CIV-S-04-0377 FCD PAN (JFM)<br><br>**DEFENDANTS' MOTION IN LIMINE RE ADMISSIBILITY OF TESTIMONY OF FAIRFIELD POLICE SERGEANT TIMOTHY GRACE**<br><br>**MOTION IN LIMINE NO. 4**<br><br>JUDGE:   Frank C. Damrell, Jr.<br>TRIAL:    October 31, 2006 |

I.  **INTRODUCITON**

Defendants CITY OF FAIRFIELD, POLICE OFFICERS MARK SCHRAER, CHAD TIGERT, STEVEN TROJANOWSKI, JR., STEPHEN RUIZ, TROY OVIATT, FRANCO CESAR and CADE BECKWITH ("Defendants") hereby move this Court *in limine* for an Order precluding the testimony of Fairfield Police Department Sergeant Timothy Grace. His testimony is not relevant to the instant case and cannot be used against the City of Fairfield to establish a *Monell* claim as there is no *Monell* action remaining in this case.

II.  **ARGUMENT**

   A.  **Testimony by Sergeant Timothy Grace Would Be Irrelevant to the Proceedings**

Federal Rules of Evidence, Rule 401 defines "relevant evidence" as the following:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Federal Rules of Evidence, Rule 402 precludes the admissibility of evidence which is not relevant.

Sergeant Grace was not present at the incident on February 1, 2003. Thus, he is not a percipient witness to the events that transpired. Sergeant Grace was the investigating officer for the Internal Affairs Investigation of the incident. Although Sergeant Grace was deposed in this matter, he was deposed on plaintiffs' *Monell* claim. This claim did not survive defendants' Motion for Summary Judgment. Thus, there is no relevancy to any testimony by Sergeant Grace. The only possible testimony plaintiffs could seek from Sergeant Grace is testimony regarding his internal investigation of the matter. This information is not relevant and thus not admissible.

   B.  **Any Testimony by Sergeant Grace Regarding Personnel Files and Records of the Defendant Officers is Absolutely Privileged and Inadmissible**

Sergeant Grace was the investigating officer for the Internal Affairs Investigation of the subject incident. Federal Rules of Evidence 501 provides that privileges and protections afforded to a governmental entity or individual under State law apply in federal civil cases. Here, plaintiffs claim they have been injured and deprived of their federal civil rights under 42 U.S.C. § 1983. Pursuit of this

federal claim permits state privileges to govern.

California Evidence Code §§ 1043 and 1045 and Penal Code §§ 832.7-832.8 generally prohibit disclosure of information contained in police personnel files and internal affairs investigations. Evidence Code § 1045(b)(3) bars disclosure of facts that are so remote as to make disclosure of little or not practical benefit.

These code sections are applicable in the instant case and support the general proposition that proper control and supervision of law enforcement personnel demand that public entities obtain information that accurately reflects the performance of police. Much of this information can only be obtained and used effectively if it is obtained confidentially. Thus, any breach of this confidentiality, such as through disclosure, is proper only in extraordinary circumstances and upon a showing of good cause based upon specific facts justifying such disclosure. (*City of San Jose v. Superior Court*, 5 Cal.4th 47, 56 (1993); *Arcelona v. Municipal Court*, 113 Cal.App.3d 523, 528 (1980).)

No such "good cause" exists in support of the admissibility of this information in the instant case. The Internal Affairs Investigation by Sergeant Grace into the subject incident is now information contained in each of the defendant officers' personnel files. Information contained in the officers' personnel files is immaterial and irrelevant to the issues before the Court in this case. Any investigations of veracity or force will not aid the trier of fact in assessing the credibility of each defendant officer when there were numerous witnesses to the subject incident, including plaintiffs, who will also testify as to the events. This case also involves evidence produced by experts in police procedures. This is not a case wherein the alleged misconduct took place only in the presence of the officers and the plaintiffs. Thus, any inquiry into any of the defendant officers' personnel history is an unnecessary invasion which is unlikely to produce any probative evidence.

Moreover, the records of peace officers not involved in the subject incident are absolutely privileged. Evidence Code § 1047 provides as follows:

> Records of peace officers, including supervisorial peace officers, who either were not present during the arrest or had no contact with the party seeking disclosure from the time of the arrest until the time of booking, shall not be subject to disclosure.

Section 1047 provides that such records are not subject to disclosure under any circumstances. While other code sections which address disclosure of peace officer records provide certain exceptions and procedures for accessing records under limited circumstances, § 1047 is absolute. Under no circumstances may such records be accessed. If plaintiffs are allowed to inquire into Internal Affairs investigations, or other police department investigations, such information will necessarily be revealed.

The privacy rights of uninvolved officers are also invoked under Art. I, § 1 of the California Constitution. (See also *City of Santa Cruz v. Superior Court*, 190 Cal.App.3d 1669, 1674 (1987), where the Court observed that beyond their constitutional rights, peace officers have specific protection against disclosure of their personnel records and records of citizen complaints.) No compelling need justifying inquiry about or discussion of such information can be shown by plaintiffs.

### III.  CONCLUSION

Based upon the foregoing, defendants respectfully request this Court preclude plaintiffs from calling to testify Fairfield Police Department Sergeant Grace.

Dated: October 17, 2006          Respectfully submitted,

MEYERS, NAVE, RIBACK, SILVER & WILSON


By:     /s/    Kimberly E. Colwell
        Kimberly E. Colwell
        Attorneys for Defendants
        CITY OF FAIRFIELD, POLICE OFFICERS MARK SCHRAER, CHAD TIGERT, STEVEN TROJANOWSKI, JR., STEPHEN RUIZ, TROY OVIATT, FRANCO CESAR and CADE BECKWITH

866147_1.DOC