Kimberly E. Colwell, Esq. (SBN: 127604)
kcolwell@meyersnave.com
Jennifer C. Addams, Esq. (SBN: 209355)
jaddams@meyersnave.com
MEYERS, NAVE, RIBACK, SILVER & WILSON
555 12th Street, Suite 1500
Oakland, CA  94607
Telephone: (510) 808-2000
Facsimile: (510) 444-1108

Attorneys for Defendants CITY OF FAIRFIELD,
POLICE OFFICERS MARK SCHRAER, CHAD TIGERT,
STEVEN TROJANOWSKI, JR., STEPHEN RUIZ, TROY OVIATT,
FRANCO CESAR and CADE BECKWITH

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUES PHILLIPS and CYNTHIA M. PHILLIPS,<br><br>         Plaintiffs,<br><br>v.<br><br>CITY OF FAIRFIELD, CHIEF OF POLICE WILLIAM GRESHAM, OFFICER MARK SCHRAER, OFFICER CHAD TIGERT, OFFICER STEVE TROJANOWSKI, JR., OFFICER MIKE BEATTY, OFFICER MATTHEW THOMAS, OFFICER STEPHEN RUIZ, OFFICER TROY OVIATT, OFFICER JEREMY NIPPER, OFFICER FRANCO CESAR, OFFICER CADE BECKWITH, and DOES 1 through 13,<br><br>         Defendants. | Case No: CIV-S-04-0377 FCD PAN (JFM)<br><br>**DEFENDANTS' MOTION IN LIMINE REGARDING ADMISSIBILITY OF MEDIA EVIDENCE AND UNRELATED CIVIL MATTERS**<br><br>**MOTION IN LIMINE NO. 6**<br><br>JUDGE:  Frank C. Damrell, Jr.<br>TRIAL:    October 31, 2006 |

## I. INTRODUCTION

Defendants CITY OF FAIRFIELD, POLICE OFFICERS MARK SCHRAER, CHAD TIGERT, STEVEN TROJANOWSKI, JR., STEPHEN RUIZ, TROY OVIATT, FRANCO CESAR and CADE BECKWITH ("Defendants") hereby move this Court *in limine* for an Order precluding Plaintiffs from introducing, offering evidence of, or making reference to any of the following: media coverage of the City of Fairfield, its police department, its police chief or any related matters; any prior civil cases involving the City of Fairfield, its police department or its chief of police. This exclusion includes, but is not limited to, reports, documentation, interviews, articles, complaints and any and all other evidence of the above matters.

## II. ARGUMENT

### A. Irrelevant Evidence is Inadmissible

Federal Rules of Evidence, Rule 401 defines "relevant evidence" as the following:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Federal Rules of Evidence, Rule 402 precludes the admissibility of evidence which is not relevant.

Extraneous and unrelated evidence of prior media coverage or past unrelated civil suits has no relevance whatsoever to the issues raised by Plaintiff's arrest and the force used to accomplish that arrest. Further, the admission of such evidence would be unfairly prejudicial to the Defendants and, as such, is precluded by Federal Rules of Evidence, Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Even if Plaintiffs could show some relevance in the subject evidence, its probative value would be substantially outweighed by the prejudice, jury confusion and delay which would result from its admission. As more fully set forth below, evidence of media coverage in this and unrelated lawsuits, is completely lacking in probative value and relevance, and is inflammatory.

///

**B.     Evidence of Other Civil Cases Against Defendants is Irrelevant and Prejudicial**

As stated above, Federal Rules of Evidence, Rule 403 provides that evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Congress has defined "undue prejudice" within this context as evidence having an undue tendency to suggest decision on an improper emotional basis. (See Advisory Committee's Notes on FRE Rule 403.) Such evidence uniquely tends to evoke an emotional bias against defendant as an individual, and has trivial probative value.

The California companion statute to Federal Rules of Evidence, Rule 403 is Evidence Code § 352. The California courts have held that the "prejudice" referred to in this section is evidence which uniquely tends to evoke an emotional bias against defendant as an individual and which has very little effect on the issue. (*People v. Yu*, 143 Cal.App.3d 358 (1983).) This is directly analogous to the instant action. Any evidence pertaining to other events, allegations, lawsuits, complaints, accusations and rumors cannot possibly be construed to have any relevance to the instant action. Further, it should be excluded under Federal Rules of Evidence, Rule 403 and California Evidence Code § 352 as being unfairly prejudicial to Defendants in the trial of this matter.

Should such evidence be admitted, there is a substantial danger that the jury will be swayed in its judgment of each individual Defendant officers' actions in the instant case because of unrelated problems encountered by the Fairfield Police Department and the City of Fairfield. This type of scandalous and inflammatory material should not be allowed to bias the jury in its analysis of the facts of this case. The issue of each Defendant officers' individual culpability in the instant case should not be clouded by evidence from other cases and events. The admission of such evidence would impede the jury's ability to assess the liability of each Defendant officer in the case before it, based upon the evidence presented regarding facts and circumstances known to each officer individually at the time of the subject incident.

The trial court has broad discretion to exclude evidence under Federal Rules of Evidence, Rule 403 and Evidence Code § 352 based on unfair prejudice to assure that issues are adjudicated on their merits. In *People v. Cardenas*, 31 Cal.3d 897 (1982), the Court disallowed evidence of gang affiliation due to the perceived danger that the jury would infer therefrom the defendant's criminal disposition.

The same concerns are present in the instant case that the jury may infer "guilt by association" from the evidence of or even reference to other matters involving the City of Fairfield or its police department.

The unfair prejudice which would necessarily be created by the introduction of such evidence also has the potential of creating substantial confusion in the minds of jurors, as to the facts sought to be proven by the introduction of evidence of such unrelated incidents. Further, the admission of such collateral evidence will necessarily result in undue consumption of the Court's time on which ground alone it should be excluded. (See, e.g., *Cubic Corp. v. Marty*, 185 Cal.App.3d 438 (1986); *People v. Hecker*, 219 Cal.App.3d 1238 (1990).) All of these potential dangers weigh strongly against the admissibility of the evidence at issue.

### C. No Media Coverage Has Any Relevance in this Matter

As stated above, pursuant to Federal Rules of Evidence, Rule 403 and California Evidence Code § 352, any evidence of media coverage of the subject or unrelated events or the Fairfield Police Department and the City of Fairfield has no evidentiary value and are prejudicial and inflammatory. Plaintiffs should be precluded from introducing any evidence of such media coverage and from asking any questions about the existence of such evidence.

### III. CONCLUSION

For the reasons stated above, Defendants respectfully request this Court prelude Plaintiffs from making any mention of or asking any questions about any other civil cases or media coverage involving the City of Fairfield, the Fairfield Police Department or Chief Gresham or Officers Schraer, Tigert, Trojanowski, Ruiz, Oviatt, Cesar and Cade Beckwith or any other member of the Fairfield Police Department at the trial of this matter.

Dated: October 17, 2006          MEYERS, NAVE, RIBACK, SILVER & WILSON

By:     /s/    Kimberly E. Colwell
Kimberly E. Colwell
Attorneys for Defendants
CITY OF FAIRFIELD, POLICE OFFICERS MARK SCHRAER, CHAD TIGERT, STEVEN TROJANOWSKI, JR., STEPHEN RUIZ, TROY OVIATT, FRANCO CESAR and CADE BECKWITH

865037_1