UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| MARQUES PHILLIPS and CYNTHIA PHILLIPS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF FAIRFIELD, CHIEF OF POLICE WILLIAM GRESHAM, OFFICER MARK SCHRAER, OFFICER CHAD TIGERT, OFFICER STEVE TROJANOWSKI, JR., OFFICER MIKE BEATTY, OFFICER MATTHEW THOMAS, OFFICER STEPHEN RUIZ, OFFICER TROY OVIATT, OFFICER JEREMY NIPPER, OFFICER FRANCO CESAR, OFFICER CADE BECKWITH, and DOES 1 through 13,<br><br>　　　　Defendants. | NO. CIV. S-04-0377 FCD PAN<br><br><u>MEMORANDUM AND ORDER</u> |

----oo0oo----

   This matter is before the court on plaintiffs Marques Phillips' and Cynthia Phillips' (collectively, "plaintiffs") motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedures and motion for relief from judgment pursuant

to Rule 60 of the Federal Rules of Civil Procedure.  For the reasons set forth below, plaintiffs' motions are DENIED.

## BACKGROUND[1]

This case arises out of the arrest of plaintiff Marques Phillips on February 1, 2003.  Plaintiffs contend that defendants City of Fairfield and individual Fairfield police officers arrested Marques Phillips without probable cause and used excessive force in executing the arrest.  This matter was presented before a jury on October 31, 2006.  Marques Phillips asserted federal claims for violations of his Fourth Amendment based upon defendants' alleged false arrest, excessive force, and unreasonable search and asserted state claims for false arrest, assault, battery, and intentional infliction of emotional distress.  Cynthia Phillips, Marques Phillips' mother, asserted a state law claim for intentional infliction of emotional distress based primarily on her proximity and observation of the arrest of Marques Phillips.  After a seven day jury trial, the jury returned a verdict for defendants.

Plaintiffs' objections to the trial and jury verdict is based upon alleged inconsistencies between sworn declarations submitted by defendant Trojanowski and defendant Schraer in support of their motion for summary judgment and the testimony presented by defendants at trial.  The declarations provide that

---

[1] Neither plaintiffs nor defendants requested a transcript of the jury trial in this case.  As such, none has been prepared or filed in this action.  Therefore, the court does not cite herein to the transcript, and the findings are based upon the court's recollection of the evidence and argument presented at trial, as refreshed by its review of a rough draft of the transcript provided by the court reporter.

2

defendant Trojanowski was "concerned that [plaintiff] would identify [him] as a police officer to the rest of the individuals present in the parking lot" where the officers were conducting a buy/bust operation. (Am. Decl. of Officer Steven Trojanowski Jr. ("Trojanowski Decl."), filed Oct. 18, 2005, Docket # 118, ¶ 10); (Am. Decl. of Sergeant Mark Schraer ("Schraer Decl."), filed Oct. 18, 2005, Docket # 120, ¶ 10). During opening statement, defendants' attorney, Kimberly C. Colwell, stated that the evidence would show that plaintiff Marques Phillips identified defendant Trojanowksi by pointing at him and yelling "five-o."[2] Defendants Trojanowski and Schraer testified that plaintiff Marques Phillips identified Trojanowski in this manner.

Plaintiffs' attorney, Mister Phillips, cross-examined defendants about the statements made in their declarations, which only addressed *concerns about identification,* and their testimony that plaintiff Marques Phillips *actually identified* defendant Trojanowski as a police officer. Subsequently, upon examination by Ms. Colwell, defendants Schraer and Trojanowski testified that Ms. Colwell wrote their sworn declarations in support of their motion for summary judgment and that these declarations were never meant to be the entire truth.[3] Mister Phillips moved

---

[2] Specifically, Ms. Colwell stated that defendant Trojanowski would testify that Marques Phillips approached his car, pointed at him, stared him in the eyes and then said very loudly: "Five-o, five-o, motherfucking five-o."

[3] Outside the presence of the jury, the court asked Ms. Colwell about the content of the declarations. Ms. Colwell stated that the declarations were crafted for defendants' motion for summary judgment, and thus all papers associated with the motion took plaintiffs' facts to be true for the purposes of the

(continued...)

3

defendant Trojanowski and Schraer's declarations into evidence, published them to the jury, and used them extensively during his closing argument to argue, among other things, that defendants did not have probable cause to arrest plaintiff Marques Phillips. Ms. Colwell moved into evidence portions of defendant Trojanowski and Schraer's police report, which provided that Marques Phillips identified Trojanowski as a police officer, and used it in her closing argument to argue that defendants had probable cause to arrest plaintiff Marques Phillips. Plaintiff contend that this police report was fabricated. Plaintiffs also contend that Ms. Colwell improperly bolstered the credibility of defendants Trojanowski and Schraer in her closing arguments to the jury.

**ANALYSIS**

**A.  Motion for a New Trial**

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] new trial may be granted to all or any parties an on all or part of the issues . . . in an action in which there has been a trial by jury . . . for any of the reasons for which rehearings have heretofore been granted." Fed. R. Civ. P. 59 (2007). A trial court may only grant a new trial if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." Hansen v. Shell Oil Co. 541 F.2d 1352, 1359 (9th Cir. 1976) (quoting Moist Cold

---

[3](...continued)
motion only. Ms. Colwell explained that the declarations included only those facts that plaintiffs alleged and that the officers could testify to as true.

4

1  Refrigerator Co. v. Lou Johnson, 249 F.2d 246, 256 (9th Cir.
2  1957); see Passantino v. Johnson & Johnson Consumer Products, 212
3  F.3d 493, 510 n.15 (9th Cir. 2000).
4      "While the trial court may weigh the evidence and
5  credibility of the witnesses, the court is not justified in
6  granting a new trial 'merely because it might have come to a
7  different result from that reached by the jury.'" Roy v.
8  Volkswagen of Am., Inc., 896 F.2d 1174, 1176 (9th Cir. 1990)
9  (quoting Wilhelm v. Associated Container Transp. (Australia)
10 Ltd., 648 F.2d 1197, 1198 (9th Cir. 1981).  "[I]f the jury's
11 verdict is not clearly against the weight of the evidence, the
12 trial court abuses its discretion in ordering a new trial." Id.
13 However, "[i]f having given full respect to the jury's findings,
14 the judge on the entire evidence is left with the definite and
15 firm conviction that a mistake has been committed," a new trial
16 should be granted.  Landes Const. Co., Inc. v. Royal Bank of
17 Canada, 883 F.2d 1365, 1371-72 (9th Cir. 1987).
18     When the motion is based upon the alleged misconduct of
19 parties, counsel, or witnesses, the Ninth Circuit has held that a
20 new trial is properly granted where a party can:
21     (1) prove by clear and convincing evidence that the
        verdict was obtained through fraud, misrepresentation,
22      or other misconduct [and]
23     (2) establish that the conduct complained of prevented
        the losing party from fully and fairly presenting his
24      case or defense.
25 Wharf v. Burlington N. R.R. Co., 60 F.3d 631, 637 (9th Cir.
26 1995).
27     Plaintiffs move for a new trial on grounds that (1) the
28 verdict is contrary to the clear weight of the evidence; (2) the

5

verdict is based on false or perjurious evidence; (3) the verdict is a miscarriage of justice; and (4) defendants' attorney, Ms. Colwell, engaged in misconduct which permeated the entire proceeding.

### 1.  Clear Weight of the Evidence

Plaintiffs argue that the jury verdict is against the clear weight of the evidence.  Specifically, plaintiffs contend that defendant Trojanowski's and defendant Schraer's declarations are "insurmountable evidence" that defendants did not have probable cause to arrest Marques Phillips.  After weighing the evidence and assessing the credibility of the witnesses, the court disagrees.

Plaintiff was arrested pursuant to California Health and Safety Code Section 11532 and California Penal Code § 148.  Any alleged inconsistencies between defendant Trojanowski's and defendant Schraer's declarations and their trial testimony relates to the issue of whether defendants were merely *concerned* that plaintiff would identify them and compromise the buy/bust operation or whether plaintiff *actually* identified them in an attempt to obstruct the operation.  This "inconsistency" would apply only to whether there was probable cause to arrest pursuant to § 148, which provides that "[e]very person who willfully resists, delays or obstructs any public officer" in the execution of his duties shall be fined and or imprisoned. Cal. Pen. Code § 148.  The thrust of plaintiffs' argument is that the court should only consider the declarations of defendant Trojanowski and defendant Schraer, which addressed *concerns* about identification.
/////

At trial, both plaintiffs and defendants presented substantial evidence regarding the issue of probable cause to arrest under California Penal Code § 148. Defendants presented evidence that plaintiff Marques Phillips identified Officer Trojanowski during an undercover operation by yelling "five-o." Defendants also presented evidence that Marques Phillips did not get down on the ground immediately when ordered to do so, and that he fought and struggled with defendant officers. Plaintiffs presented evidence that Marques Phillips did not identify the undercover officers and that the prior sworn declarations of defendants Trojanowski and Schraer did not provide that an identification was made. Plaintiffs also presented evidence that Marques Phillips did not resist arrest. Vigorous cross-examination was performed by plaintiffs' counsel, including vehement probing of the veracity of defendants Trojanowski and Schraer. The verdict hinged on the jury's evaluation of the credibility of plaintiffs' witnesses and defendants' witnesses. Apparently, the jury found defendants' witnesses to be more credible. After a review of the trial testimony, the court is not left "with the definite and firm conviction" that the jury made a mistake in making this determination. See Landes Const. Co., Inc., 833 F.2d at 1372. Rather, the jury's verdict is supported by substantial evidence.[4]

---

[4] Plaintiffs also assert that the verdict is against the clear weight of the evidence because Sergeant Grace, the officer who conducted the internal affairs investigation of the incident, testified at trial that defendant Trojanowski was not working undercover. The court does not recollect hearing such testimony, nor can it find any such testimony in the transcript. Rather,
(continued...)

Further, defendants also asserted that they had probable cause to arrest plaintiff Marques Phillips pursuant to § 11532 of the California Health and Safety Code. Section 11532 sets forth the guidelines for unlawful loitering in a public place with the intent to engage in narcotics related activity. Specifically, § 11532(b)(10) provides that a factor "in determining whether a person has the requisite intent to engage in drug-related activity" is whether that person has engaged "in any other behavior indicative of illegal drug-related activity" in the past six months. Id. Defendants presented evidence that the parking lot where plaintiff was arrested was known for high crime and high levels of narcotics sales. Defendants also presented evidence that Marques Phillips had been involved in drug related activity within the prior 24 hours and that Officer Trojanowski was aware of these incidents. The evidence at trial demonstrated that Marques Phillips' activity in the parking lot appeared to defendant officers to violate § 11532. Therefore, evidence presented by defendants at trial also demonstrated that the officers had probable cause to arrest plaintiff under § 11532.[5]

---

[4](...continued)
plaintiffs' counsel asked the witness about this issue, defense counsel objected before an answer was given, and a side bar conference was held. After discussion, the question was abandoned, and no testimony was given on this issue. Therefore, plaintiffs' argument is without merit.

[5] Plaintiffs assert that the court's ruling on summary judgment held that defendants did not have probable cause to arrest plaintiff Marques Phillips under § 11532 as a matter of law. This misstates the court's ruling. The court found that, viewing the evidence in the light most favorable to the plaintiff, the evidence was insufficient to find probable cause as a matter of law; therefore, defendants' motion for summary
(continued...)

**2.   False or Perjurious Evidence/Miscarriage of Justice**

Plaintiffs also argue that the verdict is based upon false or perjurious evidence and is a miscarriage of justice because plaintiffs contend that defendant Trojanowski's and defendant Schraer's testimony is contrary to their prior sworn declarations.  Defendants' prior declarations do not directly contradict the testimony at trial.  While the significant fact of actual identification of Officer Trojanowski by Marques Phillips was omitted from the declarations, nothing in the declarations provided that such identification did not occur.  Rather, evidence was presented at trial that defendants tailored their versions of the events at issue to include only those facts that plaintiffs alleged and that the officers could testify to as true, in an attempt to show that summary judgment could be granted even if the court accepted plaintiffs' version of the facts.  While the court does not comment on the propriety or effectiveness of employing this litigation strategy, it does not constitute falsification of evidence or perjury.[6]  Therefore, the verdict was not based on false or perjured evidence and did not constitute a miscarriage of justice.

---

[5](...continued) judgment was denied.  The court found that there was a triable issue regarding probable cause to arrest Marques Phillips under § 11532.  The court did _not_ grant summary judgment for plaintiffs on this issue, nor could it, as plaintiffs did not file a motion for summary judgment.

[6]   Further, plaintiffs' counsel vigorously challenged the credibility of defendants Trojanowski and Schraer based upon the significant omission in their prior sworn declarations.  These declarations were also admitted into evidence for consideration by the jury.  Despite plaintiffs' counsel's best efforts, the jury apparently believed defendants' testimony.

9

### 3. Misconduct

Plaintiffs asserts that they are entitled to a new trial because Ms. Colwell committed misconduct which sufficiently permeated the entire proceeding. Specifically, plaintiffs contend that Ms. Colwell committed misconduct by referencing plaintiff Marques Phillips' identification of Officer Trojanowski in her opening statement and eliciting testimony from witnesses regarding the identification on direct examination. Plaintiffs assert that this constitutes misconduct because testimony relating to this identification is false or perjurious. As set forth above, the court does not find such testimony to be false or perjurious, and thus, Ms. Colwell's conduct in referencing it in opening statements and eliciting it on direct examination did not constitute misconduct.

Plaintiffs contend that Ms. Colwell committed misconduct by eliciting questions regarding the circumstances under which the prior sworn declarations were prepared. Defendants Trojanowski and Schraer testified that Ms. Colwell wrote their sworn declarations, that their sworn declarations were never meant to be the entire truth, and that their testimony at trial is the entire truth. However, this testimony was elicited by Ms. Colwell only after vigorous cross-examination by plaintiffs' counsel about the significant omission in defendants' declarations relating to the actual identification of Officer Trojanowski by Marques Phillips. Plaintiffs' counsel squarely placed defendant Trojanowski's and defendant Schraer's credibility at issue, and defendants' counsel had a right to rehabilitate the witnesses through an explanation of the

10

circumstances which gave rise to the declarations at issue. As such, Ms. Colwell did not commit misconduct by questioning defendants Trojanowski and Schraer about their prior sworn declarations.

Plaintiffs also contend that Ms. Colwell committed misconduct by moving into evidence a "fabricated" police report. Plaintiffs only basis for asserting that this report is "fabricated" is that it includes the officers' account that Marques Phillips actually identified Officer Trojanowski as a police officer during an undercover operation, and thus, allegedly contradicts the prior sworn declarations of defendants Trojanowski and Schraer. As set forth above, the declarations do not directly contradict evidence that Marques Phillips identified Officer Trojanowski. Plaintiffs offer no evidence to support their conclusory assertion that the police report was fabricated by defendants. Therefore, Ms. Colwell did not commit misconduct by moving the police report into evidence.

Further, plaintiffs assert that Ms. Colwell committed misconduct by arguing to the jury during her closing arguments that any inconsistencies between defendants' declarations and their trial testimony were her fault and that defendants should not be held liable for her mistakes. Plaintiffs severely mischaracterize Ms. Colwell's closing statements. The only statements that could remotely be identified as the basis for plaintiffs' accusations of misconduct were made at the beginning of Ms. Colwell's closing argument. In sum and substance, Ms. Colwell apologized for anything that Ms. Colwell or her co-counsel, Jennifer Adams, did during the trial that distracted the

11

1  jury from the case or that the jury did not like.  Ms. Colwell
2  asked that any such conduct by counsel during trial not be held
3  against her clients.  Ms. Colwell asked the jury to weigh the
4  evidence based on what the testimony that they heard from
5  defendants on the stand and under oath because the jury is the
6  best judge of their character and how truthful they were being.
7  Such statements do not constitute improper vouching or attorney
8  misconduct.  Rather, these statements are similar to portions of
9  the Ninth Circuit's Model Jury Instructions, including those
10 given to the jury in this case.  Specifically, the jury was
11 instructed to follow the law and not be influenced by any
12 personal likes or dislikes, opinions, prejudices, or sympathy.
13 The jury was also instructed that arguments and statements by the
14 lawyers are not evidence.  As such, Ms. Colwell did not commit
15 misconduct in the delivery of her closing arguments.
16      Therefore, because plaintiffs have failed to point to any
17 misconduct by Ms. Colwell during the trial, plaintiffs have not
18 met their burden in demonstrating that they are entitled to a new
19 trial.
20 **B.   Motion for Relief from Judgment**
21      Rule 60(b) provides in relevant part that:
22 On motion and upon such terms as are just, the court may relieve
23 a party . . . from a final judgment, order, or proceeding for the
24 following reasons: (1) mistake, inadvertence, surprise, or
25 excusable neglect; . . . (3) fraud . . . , misrepresentation, or
26 other misconduct of an adverse party; . . . or (6) any other
27 reason justifying relief from the operation of the judgment.
28 Fed. R. Civ. P. 60 (2007).  Relief under rule 60(b) is not a

12

matter of right and rests in the trial court's sound discretion. Martella v. Marine Cooks and Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971); Independence Lead Mines Co. v. Kingsbury, 175 F.2d 983, 988 (9th Cir. 1949). Such relief is an extraordinary remedy and is granted only in exceptional circumstances. Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004); see Russell v. Cunningham, 279 F.2d 797, 804 (9th Cir. 1960).

**1.   Surprise**

Plaintiffs contend that they are entitled to relief from judgment because they were surprised by defendant Trojanowski and Schraer's testimony that plaintiff Marques Phillips actually identified defendant Trojanowski during the undercover buy/bust operation. Plaintiffs assert that defendants dropped this "claim" at summary judgment and surprised plaintiff at trial by reintroducing this theory of probable cause.

Plaintiffs fail to cite any relevant legal authority for their argument that by not moving for summary judgment on this basis, defendants waived their theory of probable cause based upon actual identification by Marques Phillips. In essence, plaintiffs' position is that if a party fails to move for summary judgment on a certain basis, that basis is waived, even if it is clear that adjudication based upon that basis would require a factual determination. Such a position is without merit and would defeat the purposes of summary judgment.

In this case, defendants moved for summary judgment on plaintiff Marques Phillips' Fourth Amendment claim on the basis that defendants had probable cause to arrest pursuant to § 11532 of the California Health and Safety Code. The defendants did not

13

rely upon actual identification of Officer Trojanowski by Marques Phillips as probable cause to arrest pursuant to California Penal Code § 148. As evidenced by the argument at trial, the parties clearly disputed whether Marques Phillips actually identified Officer Trojanowski. Therefore, this would not have been an appropriate basis for summary judgment.

Further, notwithstanding that defendants never abandoned this theory, plaintiffs should not have been surprised by defense counsel's opening statement and the testimony of defendants Trojanowski and Schraer. The theory of probable cause based upon actual identification was included in the internal affairs investigation report. Plaintiffs' expert was asked questions about this theory in his deposition. Finally, this theory was addressed in defendants' trial brief, filed more than a week before the start of trial. Plaintiffs' counsel did not raise this issue to the court at any of the pre-trial hearings, including the hearing on the parties' motions in limine held on the first day of trial. Therefore, plaintiffs were not unfairly surprised by the presentation of this theory at trial.

**2.  Fraud, Misrepresentation, or Other Misconduct**

Plaintiffs contend that they should be relieved from judgment because defendants engaged in fraud, misrepresentation, or other misconduct. When a party moves for relief from judgment on the grounds of fraud, misrepresentation, or other misconduct, the moving party must show, by clear and convincing evidence, that the opponent engaged in such conduct and that the conduct prevented the moving party from fully and fairly presenting his or her case or defense. De Saracho v. Custom Food Machinery,

14

Inc., 206 F.3d 874, 880 (9th Cir. 2000).

Plaintiffs claim that defendants Trojanowki and Schraer engaged in fraud, misrepresentation, or misconduct based upon their allegedly perjurious testimony that Marques Phillips actually identified Officer Trojanowski on the night of the incident at issue. As set forth above, there is no evidence that defendants committed perjury, fraud, or misconduct. Further, as set forth above, plaintiffs' counsel vigorously challenged the credibility of defendants Trojanowski and Schraer based upon their prior declarations. Therefore, plaintiffs are not entitled to relief from judgment on this ground.

### 3. Res Judicata

Finally, plaintiffs claim that they should be relieved from judgment because res judicata precludes all statements and evidence that the defendants arrested Marques Phillips because he actually identified Officer Trojanowski. Again, plaintiffs based their arguments on a faulty understanding of summary judgment.

There was no final judgment regarding plaintiffs' Fourth Amendment claims prior to the jury verdict in this matter. The court denied defendants' motion for summary judgment on these claims and plaintiffs did not file a motion for summary judgments. As set forth above, plaintiffs fail to cite any case law in support of their argument that defense theories may be precluded if they are not raised on summary judgment.[7]

---

[7] Plaintiffs cite Nguyen v. United States, 792 F.2d 1500, 1503 (9th Cir. 1986) in support of their preclusion argument. Nguyen is inapplicable. In Nguyen, the court addressed the party's motion for leave to amend to raise new issues after the
(continued...)

15

Therefore, plaintiffs are not entitled to relief from judgment on the basis of preclusion or res judicata.

**CONCLUSION**

Based on the foregoing analysis, plaintiffs' motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedures and motion for relief from judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure is DENIED.

IT IS SO ORDERED.

DATED: March 8, 2007

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[7](...continued)
entry of summary judgment. Id. The court noted that the value of summary judgment would be diminished if a party could amend the issues to be decided in the same case after that party lost on summary judgment. This is not an issue raised in this case.

16